

# Fourth Court of Appeals
## San Antonio, Texas

January 7, 2019

No. 04-18-00472-CR

Susan **DONNELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 17-09-238-CRW
Honorable Russell Wilson, Judge Presiding

# O R D E R

On October 26, 2018, appellant filed a "Motion to Extend Briefing Deadline Pending Supplementation or Correction of Appellate Record." In her motion, appellant informed this court that the clerk's record was incomplete. According to appellant, the clerk's record did not contain "a copy of Appellant's motion to suppress, the written order denying Appellant's motion to suppress, and any findings of fact made by the trial court." A review of the clerk's record, which was filed on September 4, 2018, confirmed these items were missing. Therefore, we ordered the Wilson County District Clerk to file a supplemental clerk's record with a copy of the missing items. On November 5, 2018, the Wilson County District Clerk filed a letter, stating the motion to suppress, order denying the motion to suppress, and findings of fact were not filed with the District Clerk's office, and therefore, she is unable to file a supplemental clerk's record.

Rule 34.5(e) of the Texas Rules of Appellate Procedure provides that in the event an item in the clerk's record is missing, "the parties, may, by written stipulation, delivery a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement." TEX. R. APP. P. 34.5(e). Accordingly, we ordered the parties to file a written response in this court on or before November 18, 2018 stating whether they could agree as to what items in the clerk's record were missing and deliver copies of those items to the trial court clerk for inclusion in a supplemental clerk's record. We advised the parties that in the event they could not agree, we would have to abate this matter to the trial court to determine what constitutes accurate copies of any missing items and order the items to be included in the supplemental clerk's record. On November 19, 2018, appellant filed an "Advisory to the court and Motion to Abate Pending Trial Court's Determination of Missing Record Items," stating the parties were unable to agree and stipulate as

to items were missing. In her motion, appellant requested this court to abate the appeal pending the trial court's determination of what constituted accurate copies of the missing items.

On December 3, 2018, we granted appellant's motion to abate and ordered the matter abated and remanded to the trial court so that the trial court could hold a hearing to determine what constituted accurate copies of the motion to suppress as well as any related order and/or findings of fact. Thereafter, on December 27, 2018, the trial court held a hearing pursuant to our order and a copy of the supplemental clerk's record and reporter's record were filed in this court. A review of the supplemental records indicates the parties do not have a copy of the motion to suppress, but agree that a written motion existed at the time of the motion to suppress hearing. The parties further agree the motion was denied. Moreover, the supplemental clerk's record contains a copy of a new order, dated December 27, 2018, but effective June 20, 2018, denying the motion to suppress.

Accordingly, because it now appears the appellate record is complete, we **ORDER** the appellate deadlines reinstated and **ORDER** appellant to file her brief in this court **on or before February 6, 2019.**

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court